Danny Yadidsion (SBN 260282)
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Facsimile: (877) 775-2267
Danny@LaborLawPC.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARICELA LIMON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALTY WELDING AND TURNAROUNDS, LLC, a limited liability corporation, and DOES 1- 50, Inclusive,<br><br>Defendants. | **CASE NO.: 2:19-cv-09589-DSF (RAOx)**<br><br>**STIPULATION AND ORDER ALLOWING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT** |

WHEREAS on October 7, 2019, Plaintiff filed her Complaint alleging twelve causes of action against Defendants Specialty Welding And Turnarounds, LLC ("SWAT") and Jeremy Ethridge ("Ethridge").

WHEREAS Plaintiff seeks to file her First Amended Complaint for Damages, which only alleges three causes of action against SWAT and effectively dismisses Ethridge as a defendant in exchange for Ethridge agreeing not to seek recovery of any costs.

WHEREAS a copy of Plaintiff's proposed First Amended Complaint is attached hereto as Exhibit "A."

IT IS HEREBY STIPULATED, by and between Plaintiff and Defendants, by and through their respective counsel, that:

1. Plaintiff should be granted leave to amend to file her First Amended Complaint, a copy of which is attached hereto as Exhibit "A."

2. Defendant's responsive pleading shall be due thirty (30) days after the First Amended Complaint is filed.

Respectfully Submitted,

DATED: February 4, 2020      LABOR LAW PC

By: /s/ Danny Yadidsion
Danny Yadidsion

Attorneys for Plaintiff

Atkinson, Andelson, Loya, Ruud & Romo

Dated: February 4, 2020      /s/ Ronald W. Novotny
Ronald W. Novotny
Attorney for Defendants Specialty Welding and Turnarounds, LLC and Jeremy Etheridge

# **ORDER**

The Court having reviewed the foregoing Stipulation, and good cause appearing therefore:

IT IS HEREBY ORDERED that Plaintiff is granted leave to amend to file her First Amended Complaint, a copy of which is attached hereto as Exhibit "A."

IT IS ALSO ORDERED that Defendant's responsive pleading shall be due thirty (30) days after the First Amended Complaint is filed.

IT IS FURTHER ORDERED that the First Amended Complaint is deemed filed as of the date this Order is transmitted via the CM/ECF system.

IT IS SO ORDERED.

Dated: _____

Hon. Dale S. Fischer
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

Danny Yadidsion (SBN 260282)
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Facsimile: (877) 775-2267
Danny@LaborLawPC.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARICELA LIMON, an individual, | **CASE NO.: 2:19-cv-09589-DSF (RAOx)** |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | **1. SEX DISCRIMINATION IN VIOLATION OF THE FEHA** |
| SPECIALTY WELDING AND TURNAROUNDS, LLC, a limited liability corporation, and DOES 1- 50, Inclusive, | **2. FAILURE TO PREVENT AND/OR REMEDY DISCRIMINATION IN VIOLATION OF THE FEHA** |
| Defendants. | **3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| | **[DEMAND FOR JURY TRIAL]** |

1. Plaintiff MARICELA LIMON ("Plaintiff"), an individual, hereby submits this First Amended Complaint against Defendant SPECIALTY WELDING AND TURNAROUNDS, LLC ("SWAT"), a limited liability corporation, and DOES 1 through 50, inclusive (collectively, "Defendants"), and each of them, and alleges as follows:

## JURISDICTION

2. Plaintiff originally filed this case in Los Angeles County because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was and is performed by Plaintiff in Los Angeles County. Defendants subsequently removed this case to the Central District of California based on diversity jurisdiction.

3. Plaintiff has filed complaints under Government Code §§ 12940 et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## THE PARTIES

4. Plaintiff is and at all times relevant hereto was a resident of the State of California, County of Los Angeles.

5. Defendant SPECIALTY WELDING AND TURNAROUNDS, LLC is and at all time relevant hereto, a corporation, existing, doing business and employing individuals in the County of Los Angeles, State of California.

6. Defendant SPECIALTY WELDING AND TURNAROUNDS, LLC is Plaintiff's employer within the meaning of Government Code §§ 12926(d), 12940 (a), (h), (l), (h) (3) (A) and (i), and 12950, and the Labor Code, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names.

2

Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously-named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

8.  Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

9.  Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named DOES 1-50, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, including those Defendants named as DOES 1-50, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing Plaintiff harm.

10. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

**ALTER EGO, AGENCY, AND JOINT EMPLOYER**

11. Plaintiff is informed and believes, and based thereon alleges, that there

3

exists such a unity of interest and ownership between Defendants and DOES 1-50 that the individuality and separateness of Defendants have ceased to exist.

12. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DOES 1-50 are, in reality, one and the same as Defendants, including, but not limited to because:

a. Defendants are completely dominated and controlled by DOES 1-50, who personally violated the laws as set forth in this complaint, and who have hidden and currently hid behind Defendants to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b. DOES 1-50 derive actual and significant monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

c. Plaintiff is informed and believes that Defendants and DOES l-50, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d. Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e. Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendants and DOES 1-50 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1-50 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-50. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of Defendants and DOES 1-50 should be disregarded in equity and for the ends of justice because such disregard is

necessary to avoid fraud and injustice to Plaintiff herein.

13. Accordingly, Defendants constitute the alter ego of DOES 1-50, and the fiction of their separate corporate existence must be disregarded.

14. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant and DOES 1-50 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendants and DOES 1-50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, in the manner in which Defendants' business was and is conducted.

## FACTUAL ALLEGATIONS

15. Defendants hired Plaintiff as a non-exempt employee from approximately September 2018 to July 9, 2019.

16. Defendants unlawfully terminated Plaintiff's employment because of her gender (female). Throughout her employment, Plaintiff was loyal and dedicated, and performed her duties excellently. Plaintiff had not received negative reviews regarding her performance prior to her termination of employment. Defendants did not provide any legitimate reason for her termination of employment. Defendants treated Plaintiff differently because of her gender.

## FIRST CAUSE OF ACTION

## SEX DISCRIMINATION IN VIOLATION OF FEHA

(AGAINST SWAT AND DOES 1-50)

17. Plaintiff repeats and realleges paragraphs all the preceding paragraph as if the same were fully set forth herein and with the same full force and effect.

18. Plaintiff was at all times material hereto an employee covered by California Government Code §12940 et seq. prohibited discrimination in employment on the basis of Plaintiff's protected class.

19. Defendants were at all times material hereto an employer within the meaning of the California Government Code and, as such, barred from discriminating on the basis of Plaintiff's protected class as set forth in Cal Gov. C § 12940.

20. Defendants wrongfully terminated Plaintiff's employment. A substantial motivating factor in the termination was Plaintiff's protected class.

21. Defendants' unlawful actions proximately caused Plaintiff to suffer damages including, but not limited to, back wages, future wages, lost benefits, severe emotional distress, and other pecuniary and non-pecuniary losses in an amount to be proven at trial.

22. Defendants did the acts herein alleged maliciously, fraudulently and oppressively, amounting to despicable conduct, and in conscious disregard of Plaintiff's rights. The acts alleged herein were known to, authorized and ratified by Defendants. Plaintiff is thus entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

23. As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by California Government Code section 12965, subsection (b).

## SECOND CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA

(AGAINST SWAT AND DOES 1-50)

24. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

25. At all times hereto, the FEHA, including Government Code § 12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent harassment and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent

discrimination. harassment, and retaliation from occurring.

26. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiffs damage as stated below.

27. Defendants' unlawful actions proximately caused Plaintiff to suffer damages including, but not limited to, back wages, future wages, lost benefits, severe emotional distress, and other pecuniary and non-pecuniary losses in an amount to be proven at trial.

28. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an aware of punitive damages is warranted.

29. Plaintiff is informed and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

30. Pursuant to Government Code § 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(AGAINST SWAT AND DOES 1-50)

31. Plaintiff repeats and realleges paragraphs all the preceding paragraph as if the same were fully set forth herein and with the same full force and effect.

32. At all times herein relevant there was an employer/employee relationship

7

between Plaintiff and Defendants.

33. Plaintiff's employment was terminated as a result of the defendants' violation of fundamental public policies. It is against California public policy to discriminate, harass, and/or retaliate in violation of the FEHA. This discrimination was a substantial motivating reason for the termination of the Plaintiff.

34. Defendants' unlawful actions proximately caused Plaintiff to suffer damages including, but not limited to, back wages, future wages, lost benefits, severe emotional distress, and other pecuniary and non-pecuniary losses in an amount to be proven at trial.

35. Defendants, and each of them, did the acts herein alleged maliciously, fraudulently and oppressively, amounting to despicable conduct, and in conscious disregard of Plaintiff's rights. The acts alleged herein were known to, authorized and ratified by Defendants. Plaintiff is thus entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. Compensatory and actual damages in an amount to be proven at the time of trial;
2. For punitive and exemplary damages in an amount to be proven at the time of trial;
3. For payment of unpaid wages in accordance with California labor law;
4. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Orders;
5. For liquidated damages pursuant to California Labor Code § 1194.2;
6. For payment of penalties in accordance with California law, including but not limited to

    penalties pursuant to California Labor Code §§ 203, 226(e), 2699;

7. For penalties pursuant to Labor Code §§ 226(f), 226.3, 1198.5. and 1174.5;

8. A declaratory judgment that the practices complained of in this Complaint are unlawful under California law;

9. An injunction against Defendants, their officers, agents, successors, employees, representatives, and any and all person acting in concert with them from engage in each of the practices complained of in this Complaint;

10. For Defendants to be ordered and enjoined to make restitution to Plaintiff and aggrieved employees and disgorgement of profits from their unlawful business practices and accounting, pursuant to California Business and Professions Code § 17203 and 17204;

11. For interests, attorneys' fees and cost of suit under Labor Code § 226 and 1194 and Code of Civil Procedure § 1021.5;

12. For all such other and further relief that the court may deem just and proper.

Respectfully Submitted,

DATED: February 4, 2020         LABOR LAW PC

By: /s/ Danny Yadidsion
Danny Yadidsion

Attorneys for Plaintiff

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a jury trial of all causes of action and claims with respect to which Plaintiff has a right to jury trial.

DATED: February 4, 2020      LABOR LAW PC

By: _____
Danny Yadidsion

Attorneys for Plaintiff